IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VIOLET TOLBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 2:13-CV-427-WKW |
| DEBORAH LEE JAMES, Secretary ) | [WO] |
| Department of the Air Force, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

On March 25, 2015, the Magistrate Judge issued a Recommendation (Doc. # 67) as to Defendant's pending motion for summary judgment. (Doc. # 58.) The Magistrate Judge recommended that the court grant Defendant's motion for summary judgment concluding that there was no genuine dispute of material fact and that Defendant was entitled to judgment as a matter of law. Plaintiff Violet Tolbert filed a timely Objection to the Recommendation. (Doc. # 68.) The court reviews *de novo* the portion of the Recommendation to which the Objection applies. 28 U.S.C. § 636(b)(1). After careful consideration of the record, the applicable case law, the Recommendation, and Ms. Tolbert's Objection, the court finds that the Recommendation is due to be adopted and Defendant's motion for summary judgment is due to be granted.

In her Objection to the Magistrate Judge's Recommendation, Ms. Tolbert contends that the Magistrate Judge misquoted, misrepresented, and misstated her claims in several respects.  Her objections and clarifications, however, are largely factual and do not contradict the Recommendation's legal determinations.  Additionally, the objections that do address the Recommendation's legal conclusion, fail to cure Ms. Tolbert's claims' insufficiencies as properly outlined by the Magistrate Judge.  Accordingly, Ms. Tolbert's Objection is due to be overruled.

First, as the Magistrate Judge accurately explained, Ms. Tolbert's claim of discrimination on the basis of her disability pursuant to the Rehabilitation Act, 29 U.S.C. §§ 791, *et seq.*, cannot go forward because she was not an "otherwise qualified" person with a disability.  45 C.F.R. § 84.3(1)(1).  While Ms. Tolbert argues that she "did not want an indefinite medical leave," the record is clear that Ms. Tolbert repeatedly sought to extend her formal request for medical leave without informing her employer when she would be able to return to work.  The Magistrate Judge properly concluded that an indefinite medical leave that was to extend until Ms. Tolbert recovered by some uncertain future date was not a reasonable accommodation capable of rendering Ms. Tolbert an "otherwise qualified" person for purposes of a Rehabilitation Act claim.  (Doc. # 68, at 2.)

Second, Ms. Tolbert argues that she never alleged that her termination was in retaliation for the filing of her worker's compensation claim.  She contends instead

that the initial, and subsequently abandoned, processing of her termination was "in retaliation" for a letter she wrote to Crispin Luna regarding unprofessional treatment she received at the hands of supervisory staff.  (Doc. # 68, at 3.)  Because the Magistrate Judge addressed the viability of her retaliation claim,[1] focusing specifically on Ms. Tolbert's letter to Crispin Luna, his analysis remains applicable regardless of the events complained of in the letter.

Based on the foregoing analysis, it is ORDERED as follows:

1. Plaintiff Violet Tolbert's Objection (Doc. # 68) is OVERRULED.

2. The Recommendation (Doc. # 67) is ADOPTED.

3. Defendant Deborah Lee James's Motion for Summary Judgment (Doc. # 58) is GRANTED.

A separate final judgment will be entered.

DONE this 8th day of May, 2015.

                                                /s/ W. Keith Watkins
                                      CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Ms. Tolbert argues that she did not allege a claim of retaliation against Defendants. However, her Objection states that "[t]he processing of the termination was in retaliation of Tolbert's letter to Crispin Luna which Tolbert emphasized was in regard to the ill treatment she received by supervisory staff and not in regard[ ] to a workers compensation claim.  (Doc. # 68, at 3.)